■ COUNTY OF FRANKLIN, Respondent, v WILLIAM G. CONNELIE, as Superintendent of the New York State Police, et al., Appellants.—Appeal by permission, from so much of an order of the Supreme Court at Special Term, entered June 8, 1978 in Essex County, as, inter alia, (1) denied defendants' motion to dismiss the proceeding on the ground that plaintiff lacked standing to commence the proceeding; (2) denied defendants' motion to dismiss as barred by the Statute of Limitations those causes of action alleging violations of the provisions of the Environmental Conservation Law; (3) denied defendants' motion to dismiss on the ground that the relief sought to be compelled was discretionary, those causes of action seeking to compel the Adirondack Park Agency to reconvene its hearing; and (4) granted summary judgment to the plaintiff to the extent of vacating, annulling and setting aside the determination of the Adirondack Park

Agency, ordering the agency to reconvene its hearing and to allow plaintiff to participate in the hearing as a full party and ordering the Department of Environmental Conservation, the State Police and the Office of General Services to fully comply with the applicable provisions of the Environmental Conservation Law. This proceeding was commenced by plaintiff to challenge the relocation of the New York State Police Troop B administrative headquarters from the Village of Malone, Franklin County, to Ray Brook, Essex County. Except for plaintiff's claim that economic injury will result to the Malone area of Franklin County because of the relocation, the facts are basically not in dispute. In 1966, the State Police determined that Ray Brook would be a suitable site for the new headquarters. However, funds were not appropriated for the project until approval of the 1977-1978 State budget. In July, 1977, the State Police pursuant to the Environmental Quality Review Act (ECL 8-0101—8-0117) (hereinafter SEQRA) prepared and filed an environmental impact statement (hereinafter EIS) and, thereafter, on September 6, 1977, filed the final findings required by SEQRA (ECL 8-0109, subd 8). The relocation affected a building belonging to the Department of Environmental Conservation (hereinafter DEC) and that department filed an EIS on March 1, 1978. Ray Brook is located within the Adirondack Park and so the project came under the jurisdiction of the Adirondack Park Agency (hereinafter APA) pursuant to section 814 of the Executive Law [Adirondack Park Agency Act] which authorizes the APA to conduct an advisory review of any State agency project within the park and to report to the project-sponsoring agency whether such project would be inconsistent with the Adirondack Park land use and development plan or would have an undue adverse impact upon the natural resources of the park. After the filing of a notice of intent with the APA by the State Police on March 31, 1977, the APA conducted its advisory review of the project and reported its findings approving the proposed relocation to the agencies involved on March 3, 1978. Plaintiff commenced this action for a declaratory judgment on March 27, 1978. In essence, the complaint alleged that there had been an illegal failure to comply fully with the applicable provisions of SEQRA and the Executive Law. A motion for a preliminary injunction was made on March 31, 1978 by an order to show cause. The motion was granted but defendants appealed to this court staying the enforcement of the preliminary injunction under the provisions of CPLR 5519 (subd [a], par 1). This court refused to vacate that statutory stay. Before trial of the declaratory judgment action began, defendants moved (1) to convert the action to a CPLR article 78 proceeding; (2) to dismiss the complaint for lack of standing to maintain the action; or, in the event the motion to dismiss is denied (3) to dismiss those causes of action alleging the defendant State Police violated the provisions of SEQRA, as barred by the Statute of Limitations; or (4) to dismiss causes of action one through six on the ground that each seeks to compel the APA to reconvene a review which is purely discretionary in the first instance. The defendants also requested the court to treat the motion as one for summary judgment. On this appeal, defendants first contend that Special Term erred in concluding that plaintiff has standing to maintain this proceeding. We agree. Special Term's finding of standing rests upon its erroneous conclusion that the provisions of SEQRA apply to the APA review of the project in question. The hearing complained of was held by the APA pursuant to section 814 of the Executive Law. The provisions governing such a hearing do not mandate compliance with SEQRA nor is SEQRA made applicable to a section 814 hearing by its terms. Alternatively, Special Term concluded that the APA, by requesting information relating to

SEQRA and by receiving same, then made SEQRA applicable to its review. The record does not support this conclusion. The APA rendered only an advisory opinion following its review and did not undertake to make a SEQRA determination. However, assuming, *arguendo,* that plaintiff, Franklin County, did have standing, we find that upon this record, the proceedings conducted by the APA were sufficient. The judgment of Special Term should be reversed. In view of our determination we find it unnecessary to reach other issues raised on this appeal. Order reversed, on the law and the facts, and complaint dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur. [95 Misc 2d 189.]